UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LORETTA FLYNN-MURPHY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JAGUAR LAND ROVER NORTH AMERICA, LLC, et al., <br><br> Defendants. | Case No. 2:20-cv-14464-MCA-JBC |

### [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs Jennifer Bullard, Lynn Cohn, Raymond Darbenzio, James Davies, Liliana De La Torre, Loretta Flynn-Murphy, William Gilchrist, Jamie Gonzalez, Emily Harrell, Tom Herbener, Rodney Howard, Kelly McNew, Angela Pick, Sydney Postle, Lolitha Shepherd, and Jeffrey Wilbur (hereinafter collectively "Named Plaintiffs" or "Class Representatives")[1], requested that this Court enter an Order granting final approval of their Settlement and taking certain other actions. On September 30, 2025, the Court held a hearing on the final approval of the Settlement and granted final approval from the bench.

---

[1] Plaintiffs Bill Liquori and Natalie Bush are not included in this Final Approval Order as it has been determined that they are not Class Members.

Upon considering the Parties' Settlement Agreement, all papers in support of the Settlement filed by the Parties, the arguments of counsel, and the entire record herein, it is hereby ORDERED as follows:

1. This Final Approval Order shall also constitute the Final Judgment Order referenced in Paragraph 14 of the Settlement Agreement.

2. Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement Agreement

3. The Court has subject matter jurisdiction under 28 U.S.C, § 1332(d), and venue is proper in this district.

4. Based on the record before the Court, including the Order preliminarily approving the Settlement and preliminarily certifying the settlement class, and the submissions in support of the Settlement and preliminary certification, the Court finds that the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) have been satisfied and hereby certifies solely for the purpose of effectuating the Settlement the following Settlement Class pursuant to the Settlement Agreement:

> All Persons who, as of the date of the execution of the settlement agreement, are current or former owners or lessees of a Class Vehicle sold and registered in the District of Columbia or one of the fifty (50) states of the United States[2] ("Settlement Class").

---

[2] "Class Vehicle(s)" means 2013–2016 model year Land Rover Range Rover Evoque, 2015–2017 model year Land Rover Discovery Sport, and 2013–2015 model year Land Rover LR2 vehicles sold in the United States and equipped with a brazed scroll turbocharger. The following are excluded from the Class: (a) the judge assigned to this lawsuit or the judge's spouse; (b) the Defendant and all current employees, officers, directors, agents and representatives of Defendant, and their family members; (c) any affiliate, parent or subsidiary of Defendant and any entity in which Defendant has a controlling interest and all of their current employees, officers, directors, agents and representatives; (d) any Person acting as a used car dealer; (e) any Person who purchased a Class Vehicle for the purpose of commercial resale; (f) any Person who purchased a Class Vehicle with salvaged title and/or any insurance company that acquired a Class Vehicle as a result of a total loss; (g) any insurer of a Class Vehicle; (h) any financing

2

5.  The Court finds that the requirements of Rule 23 are satisfied solely for the purpose of effectuating the Settlement as follows:

  a.  Pursuant to Rule 23(a)(1), the Court determines that the members of the Class are so numerous that their joinder before the Court would be impracticable;

  b.  Pursuant to Rule 23(a)(2), the Court determines that Class Representatives have alleged one or more questions of fact or law common to the Class;

  c.  Pursuant to Rule 23(a)(3), the Court determines that Class Representatives' claims are typical of the claims of the Class;

  d.  Pursuant to Rule 23(a)(4), the Court determines that Class Representatives will fairly and adequately protect the interests of the Class;

  e.  Pursuant to Rule 23(b)(3), the Court determines that, in the context of the proposed settlement, common questions of law and fact predominate over questions affecting only individual members; and

  f.  Also pursuant to Rule 23(b)(3), the Court determines that, in the context of the proposed settlement, a class action is superior to other available methods for the fair and efficient adjudication of this action.

---

company; (i) any issuer of an extended vehicle warranty or service contract; (j) any Class Member who, prior to the date of the Settlement Agreement, settled with and released Defendant or any Releasee from any related released claims; (k) any owners or lessees who first purchased or leased a Class Vehicle ten (10) or more years after such Class Vehicle was registered for the first time; and (l) any owners or lessees of a Class Vehicle who first purchased or leased a Class Vehicle after it had been driven for more than 100,000 miles. ECF 170 at ¶ 4.

6. If this Final Approval Order is set aside, materially modified, or overturned by this Court or on appeal, and is not fully reinstated on further appeal, this Final Approval Order certifying the Class shall be vacated nunc pro tunc.

7. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court hereby grants final approval of the Settlement on the basis that it is fair, reasonable, and adequate as to, and in the best interests of, all Class Members, and is in compliance with all applicable requirements of the Federal Rules of Civil Procedure.

8. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and solely for settlement purposes, the Court appoints the law firms of Carella Byrne Cecchi Brody & Agnello, P.C., and Seeger Weiss LLP as Class Counsel for the Settlement Class.

9. The Class Representatives will represent the Settlement Class.

10. The Court approves the terms of the Settlement Agreement.

11. The distribution of the Notice as provided for in the Order granting preliminary approval of the Settlement constituted the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable effort. Said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process, and any other applicable law.

12. The Court has carefully considered and overrules the objections to the proposed Settlement that have been filed.

13. Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Class ("Opt-Out"), all Parties and Class Members are bound by this Final Approval Order and by the Settlement Agreement.[3]

14. Except as to the Opt-Out, the Court dismisses all claims contained in this action, as well as all of the Released Claims, against any of the Releasees by any Class Representatives and/or Class Members, with prejudice. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

15. The Opt-Out has timely and validly requested exclusion from the Class and is hereby excluded from the Class, not bound by this Final Approval Order, and may not make any claim or receive any benefit from the Settlement, whether monetary or otherwise.

16. With the exception of the claims asserted by plaintiffs Natalie Bush, Leo Canizares, Jeffrey Herzog, Managaya Kabba, and Bill Liquori, who are not Class Members, the Court dismisses, with prejudice, *Flynn-Murphy et al. v. Jaguar Land Rover North America, LLC et al.*, Case No. 2:20-cv-14464-JMV-JBC (D.N.J.).

17. As of the Effective Date of the Agreement (as defined in Paragraph 15 of the Agreement), the Releasors shall be deemed to hereby fully and irrevocably release, waive, and discharge the Releasees, whether or not specifically named herein, from any and all past, present, and future liabilities, claims, causes of action (whether in contract, tort or otherwise, including statutory, common law, property, declaratory and equitable claims), damages, costs, attorneys' fees, losses, or demands, whether known or unknown, existing or potential, or suspected or

---

[3] A single class member, Oscar Ulloa, sought to opt-out. This opt-out request was dated June 9, 2025, postmarked June 11, 2025 and July 2, 2025, and received by the settlement administrator on July 10, 2025.

unsuspected that (i) were or could have been asserted in the Litigation relating to or concerning the Alleged Defect in Class Vehicles or (ii) that were or could have been asserted in any other complaint, action, or litigation in any other court or forum and relate to or concern the Alleged Defect in Class Vehicles or the transactions, actions, conduct or events that are the subject of the Litigation regarding the Class Vehicles and the Alleged Defect in Class Vehicles ("Released Claims"); provided that the Released Claims shall include any unknown claims concerning the Alleged Defect in one or more Class Vehicles that a Settlement Class Member does not now know to exist which, if known, might have affected the Settlement Class Member's decision regarding the settlement of the Litigation; provided further that the Class Representatives acknowledge that they and the other Settlement Class Members may hereafter discover facts in addition to or different from those that they now know or believe to be true concerning the subject matter of this release but the Released Claims shall nonetheless be deemed to include any and all Released Claims without regard to the existence of such different or additional facts concerning each of the Releasees. Notwithstanding the foregoing, no claims are released hereunder: (a) for personal injury; (b) for damage to property other than a Class Vehicle; (c) that pertain to the turbocharger in a Class Vehicle to the extent that such Class Vehicle, at the time of the repair(s) or replacement(s) of such turbocharger, had been in service for more than ten (10) years or driven for more than 100,000 miles; or (d) that pertain to anything other than the Class Vehicles and the Alleged Defect in Class Vehicles.

18. The Settlement Agreement, acts performed in furtherance of the Agreement or the Settlement set forth therein, and documents executed in furtherance of the Agreement or the Settlement set forth therein, may not be deemed or used as evidence of an admission or other statement supporting: (i) the validity of any claim made by the Class Representatives, Settlement

Class Members, or Class Counsel (including the appropriateness of class certification); (ii) any wrongdoing or liability of any Releasee; or (iii) any fault or omission of any Releasee in any court, administrative agency, or other proceeding.

19. Neither the Settlement Agreement nor any action taken by the Parties either previously or in connection with the negotiations or proceedings connected with the Agreement shall be (i) offered or be admissible in evidence against any Releasee, or cited or referred to in any action or proceeding, except in an action or proceeding that is in furtherance of its terms or brought to enforce its terms or (ii) deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made in the Litigation or an acknowledgment or admission by any Releasee of any fault, liability, or wrongdoing of any kind whatsoever. Notwithstanding the foregoing, the Settlement Agreement may be filed in an action to enforce or interpret the terms of the Settlement Agreement and any other documents executed in connection with the performance of the agreements embodied therein. The Releasees may file the Settlement Agreement and/or this Final Approval Order in any action that may be brought against them in order to support a defense or counterclaim based on the principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

20. Any order entered regarding the motion for attorneys' fees and expenses or incentive awards in this action shall in no way disturb or affect this Final Approval Order and shall be considered separate from this Final Approval Order.

21. If this Final Approval Order is set aside, materially modified, or overturned by this Court or on appeal, and is not fully reinstated on further appeal, this Final Approval Order shall be deemed vacated and shall have no force or effect whatsoever.

22. Without affecting the finality of this Final Approval Order in any way, this Court hereby retains continuing and exclusive jurisdiction over (a) implementation of the Settlement; (b) further proceedings, if necessary, on applications for attorneys' fees, costs, expenses, and incentive awards in connection with the action and the Settlement; and (c) all Parties and the Settlement Class Members for the purpose of construing, enforcing, and administering the Settlement and Settlement Agreement and all orders and judgments entered in connection therewith.

23. The Clerk of the Court is hereby directed, pursuant to Rule 58 of the Federal Rules of Civil Procedure, to promptly enter judgment as to all dismissed claims in a separate document.

IT IS SO ORDERED

DATED: 11-17-25

_____
Hon. Madeline Cox Arleo
United States District Judge